**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-61453-CV-SCOLA**
**MAGISTRATE JUDGE REID**

JONATHAN LEWIS,

    Plaintiff,

v.

FLA. DEP'T OF CORR.,

    Defendant.
_____/

**REPORT OF MAGISTRATE JUDGE**

Plaintiff, who is housed at the Broward County Main Jail ("Jail"), has initiated this action under 42 U.S.C. § 1983 without paying the statutory filing fee. Plaintiff has filed an emergency motion for a preliminary injunction. [ECF 4]. There, he seeks the court to order the Florida Department of Corrections ("FDOC") to give him the names of FDOC employees who allegedly violated his civil rights. However, because plaintiff has filed at least three qualifying § 1983 actions under the three-strike provision of 28 U.S.C. § 1915(g), this action should be dismissed.

## I. Background

A. <u>Prior Litigation History</u>

While incarcerated, plaintiff filed a § 1983 action in the Middle District of Florida that the court dismissed for failure to state a claim. *Lewis v. Sec'y, DOC*, No. 2:10-CV-547-FTM-29, 2013 WL 5288989 (M.D. Fla. Sept. 19, 2013). *See also Lewis v. Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 951 (11th Cir. 2014) (per curiam) (Eleventh Circuit's affirmance noting that the dismissal was for failure to state a claim).

While incarcerated, plaintiff filed a § 1983 action in the Southern District of Florida that was dismissed for failure to state a claim. *Lewis v. Pepsi Cola Bottling Co. et al.*, Case No. 11-61243-CV-DIMITROULEAS, Order Adopting Report of Magistrate Judge [ECF 10] (S.D. Fla. July 11, 2011).

While incarcerated, plaintiff appealed the dismissal of a § 1983 action in the Eleventh Circuit. The Eleventh Circuit dismissed the appeal as frivolous. *Lewis v. Sec'y, Fla. Dep't of Corr. et al.*, No. 13-11054-A (11th Cir. May 8, 2013). *See also McGarrah v. Alford*, 783 F.3d 584, 584-85 (5th Cir. 2015) (per curiam) (a court of appeal's dismissal of an appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g) (citations omitted)).

Additionally, at least two judges in the Northern District of Florida have dismissed plaintiff's actions under the three-strike provision of 28 U.S.C. § 1915(g).

*Lewis v. Scott*, No. 4:16CV715-MW/CAS, 2017 WL 2569608, (N.D. Fla. May 9, 2017), *report and recommendation adopted*, No. 4:16CV715-MW/CAS, 2017 WL 3567526 (N.D. Fla. Aug. 17, 2017); *Lewis v. Fla. Dep't of Corr. et al.*, Case No. 17-00329-CV-COLLIER, Order [ECF 8] (N.D. Fla. June 21, 2017).[1]

B. This Case

1. *Plaintiff's Motion for a Preliminary Injunction*

Plaintiff alleges that, while housed at the South Florida Reception Center ("SFRC"), FDOC employees: hit and/or abused him; falsified documents; used the disciplinary report proceeding against him; restricted his access to his property; threw away his personal belongings; antagonized him; failed to investigate his claims of sexual abuse; and imprisoned him for eight days past the expiration of his sentence. [ECF 4, pp. 1-2[2]]. Evidently, one or more of these incidents occurred on June 30, 2017. [*Id.* p. 3]. Plaintiff does not meaningfully provide additional allegations about these incidents.

Plaintiff asks the court to order the FDOC to give him the names of the employees involved in these alleged incidents and to provide proof that the FDOC

---

[1] The undersigned takes judicial notice of the abovementioned judicial records. *See* Fed. R. Ev*Id.* 201(b)-(c); *see also United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . ." (citation omitted)); *cf. Wells v. United States*, 318 U.S. 257, 260 (1943) (suggesting that federal courts may take judicial notice of the judicial records of other federal courts).

[2] All page citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

has complied with the order. [*Id.* pp. 1, 4]. Plaintiff seeks this relief because he allegedly cannot file a proper § 1983 against the employees without the employees' names. [*Id.* p. 1.]

### 2. *Complaint's Allegations*

Plaintiff has also filed a document titled "emergency motion for court order to order Broward County Jail to mail . . . [a] 6 month statement." [ECF 1, p. 1]. The clerk docketed this document as a complaint. The undersigned refers to it as such.

There, plaintiff alleges that certain deputies at the Jail are tampering with his mail. [*Id.* p. 1]. Therefore, he asks the court to order the Jail to send his prison trust account statement directly to the court. [*Id.*] Similarly, he asks the court to send mail to him by certified mail. [ECF 1-1, pp. 1-2].

## II.   Discussion

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a plaintiff has three or more strikes under this rule, and fails to pay the filing fee at the time he initiates the suit, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234,

4

1236 (11th Cir. 2002) (per curiam). The three-striker cannot pay the filing fee *after* he has initiated the suit to cure his failure to pay said fee *at the time* he initiated the suit. *Id.*

As noted, § 1915(g) contains an exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Under § 1915(g), courts must "look to the prisoner's complaint 'as a whole,' construing it liberally and accepting his allegations as true." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). However, vague and conclusory allegations of being in imminent danger of serious physical injury "do not satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (per curiam). Furthermore, the prisoner "must be under imminent danger of serious physical injury[] . . . at the time he filed his complaint[]." *Clemons*, 465 F. App'x at 836 (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)).

Here, plaintiff's allegations do not support a reasonable inference that he is in imminent danger of serious physical injury. Plaintiff is no longer housed at SFRC, where the civil rights violations alleged in the motion for a preliminary injunction occurred. Likewise, plaintiff seems to allege that these violations occurred on or around June 30, 2017. Thus, the allegations in the motion do not suggest that plaintiff faced an imminent danger of serious physical injury when he filed this action. The

complaint's allegations of mail tampering are also insufficient. These allegations are vague and conclusory and do not relate to physical injury.

In short, because plaintiff has not adequately alleged that he is in imminent danger of serious physical injury, the action should be dismissed without prejudice under § 1915(g).

Furthermore, because the action should be dismissed without prejudice under § 1915(g), the motion for a preliminary injunction should be denied as moot.

Alternatively, the motion should be denied without prejudice. "A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Id.* (citation omitted). Here, plaintiff's vague and conclusory allegations fail to establish the burden of persuasion as to any of these elements.

### III. Conclusion

As discussed above, it is recommended that this action be dismissed without prejudice under § 1915(g).

It is further recommended that plaintiff's motion for a preliminary injunction [ECF 4] be denied as moot or, in the alternative, denied without prejudice.

It is further recommended that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arun*, 474 U.S. 140, 148-53 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 24th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Jonathan Lewis
131900598
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310